Porter, J.
The defendant claimed in the court below, an appeal from an order of the judge, which directed a special jury to be summoned, for the trial of the facts put at issue by the pleadings. This was refused, and application is now made, that a rule issue on him, to shew cause why he did not grant it.
The first question presented for decision is, whether this is a judgment or decree of that description from which an appeal lies to this court.
It has been more than once declared, that whenever an inferior court decides on the *444 rights of parties, in such a way as to work an irreparable injury, such decision could be reviewed, and the error, if any, corrected here.
In the case now before the court, I do not perceive that any such consequence must, or indeed can, flow from the order complained of. For if it should appear, when it becomes necessary to decide the question, that this is not a case which can be legally submitted to a special jury, the verdict will, of course, go for nothing, and the cause be remanded for a new trial.
This court has decided in Agnes vs. Judice, 3 Martin, 171, and Kelly vs. Breedlove & Bradford, April term last, that transferring a cause from one court to another, was not such a judgment as could be appealed from. These were stronger cases than the present one, and they are not at all inconsistent with the decision in that of Poydras vs. Livingston, which was so much pressed on us in argument; for there the judge of the parish of New-Orleans, by sustaining an objection to his competency, gave a judgment that was equivalent to a non-suit, and threw the costs on the plaintiff. On the whole, I am of opinion that the application be refused.
*445 Martin, J.
The case of Ralph & al. vs. Claiborne, determined in the superior court of the late territory of Orleans, appears to me perfectly similar to the one under consideration.
General Claiborne, alleging that he was a citizen of the territory of Mississippi, and as such, entitled under the laws of the united states, to have the suit removed into the federal court, filed in due time, his petition, to obtain the transfer. On its being denied, he applied to the parish court for an appeal, which was refused him; and he moved the superior court for a mandamus; but it was withheld, on the ground that the judgment was not final. 2 Martin, 176.
There was a feature in that case, which gave a stronger title to the defendant, to the interposition of the superior court, of which he availed himself without success. If the parish court, in which he was sued, was permitted to proceed, he must forego his right, by pleading in chief, or suffer a judgment by default. But the court probably thought, that if the allegation was a true one, they could afford him complete relief on his appeal, after a final judgment, by the reversal of it. So may we here.
*446 But it is urged, that delay will, in this case, work an irreparable injury. This may be alleged on an application for an appeal, at any stage of the cause, and in any cause.
It appears to me, we cannot grant the mandamus prayed for.